IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL W. DUNCAN,

    Plaintiff,

v.

GREG LEWIS, Warden; Correctional Officer BRENMEN,

    Defendants.

No. C 11-5055 WHA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against officials of Pelican Bay State Prison. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The complaint is reviewed pursuant to 28 U.S.C. 1915A and dismissed with leave to amend.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff alleges that when he was eating his breakfast he chewed a small piece of glass that was in his food. Plaintiff has not alleged that the defendants, Brenmen and Lewis, were involved in causing the glass to get into the food. Plaintiff may only name individuals whose actions or omissions proximately caused the glass to appear in his food. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, he "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). He alleges that defendant Brenmen is a correctional officer at the prison, and he came over, took the piece of glass and documented the incident. The only involvement of Brenmen, as alleged, was after the fact. He alleges that defendant Lewis is the Warden of PBSP, but he does not allege that Lewis was involved in causing the glass to get into his food. Plaintiff may not name Lewis as a defendant simply because he is the supervisor of other individuals who might have caused the problem because there is no respondeat superior liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir. 1989). Rather, plaintiff must allege that actions or omissions by Lewis, like that of any other individual defendant he names, that proximately caused the glass to be in his food.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 11-5055 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with all orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October   28  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\DUNCAN5055.LTA.wpd