United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. DUNCAN,<br><br>    Plaintiff,<br><br>  v.<br><br>GREG LEWIS, Warden; Correctional Officer BRENMEN,<br><br>    Defendants.          / | No. C 11-5055 WHA (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANT; ON PENDING MOTIONS**<br><br>(Docket Nos. 14 & 15) |

        Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against officials of Pelican Bay State Prison ("PBSP"). Plaintiff was granted leave to file an amended complaint. The amended complaint was reviewed pursuant to 28 U.S.C. 1915A, and the United States Marshal was ordered to serve it upon defendant Officer Brenmen at PBSP, where plaintiff indicated Brenmen was located. The Marshal filed a "Process Receipt and Return" form indicating that an attempt to serve Brenmen at PBSP was unsuccessful because there is noone by that name located there.

        In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service";

1 rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and
2 attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828
3 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff's complaint has been pending for over 120 days. As
4 a result, it is subject to dismissal without prejudice absent a showing of "good cause." *See* Fed.
5 R. Civ. P. 4(m); *see also Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause
6 why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he
7 had provided Marshal with sufficient information to effectuate service).

8 Accordingly, plaintiff must either himself effect service on Brenmen, or submit to the
9 court sufficient information to locate defendant Brenmen such that the Marshal is able to effect
10 service upon him. Such information includes Brenmen's present location, his first and middle
11 names or initial, and/or his badge number. <u>If plaintiff fails to do so, or to show cause why he
12 cannot, within **thirty (30) days** of the date this order is filed, plaintiff's claims will be
13 dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

14 Plaintiff has filed a "motion" inquiring as to the status of his amended complaint. As
15 noted above, the amended complaint was received, reviewed pursuant to 28 U.S.C. 1915A, and
16 ordered served upon defendant Brenmen. Plaintiff has also filed a motion for permission to
17 conduct discovery. He has already been granted such permission, and he may conduct
18 discovery as soon as the defendant has been served. It appears from the motion that plaintiff
19 may be under the mistaken impression that the court will gather witness statements, documents
20 and other discovery for him. Plaintiff must engage in discovery himself; the court will not do it
21 for him.

22 This order terminates docket numbers 14 and 15.
23 **IT IS SO ORDERED.**

24 Dated: March  29 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\CR.11\DUNCAN5055.4m.wpd

2