IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. DUNCAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Correctional Officer BRENMOEN,<br><br>　　　　Defendant. | No. C 11-5055 WHA (PR)<br><br>**ORDER GRANTING MOTION TO AMEND; SECOND ORDER OF SERVICE**<br><br>(Docket No. 19) |

    Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against officials of Pelican Bay State Prison ("PBSP"). Plaintiff was granted leave to file an amended complaint. The amended complaint was reviewed pursuant to 28 U.S.C. 1915A, and the United States Marshal was ordered to serve it upon defendant Officer Brenmen at PBSP, where plaintiff indicated Brenmen was located.[1] The Marshal filed a "Process Receipt and Return" form indicating that an attempt to serve Brenmen at PBSP was unsuccessful because there is noone by that name located there. Plaintiff has filed a motion to amend his complaint (docket number 19) to correct the spelling of defendant's name to"Brenmoen". Plaintiff's motion is **GRANTED**. Plaintiff has also filed a "notice" in which he requests that the court deliver to him and to defendant copies of prison forms that he claims to have submitted with his complaint to the Eastern District of California. If plaintiff wants copies of documents that he submitted to the Eastern District, he must submit a request for such copies to the Eastern

---

    [1]The complaint was dismissed as to defendant Lewis.

1 District, not here. Plaintiff also requests that this court obtain prison forms for him; plaintiff
2 must obtain such forms from prison officials himself.

3     It is hereby ordered as follows:

4     1. The clerk shall issue summons and the United States Marshal shall serve, without
5 prepayment of fees, a copy of the complaint and the amended complaint (docket numbers 1, 8
6 and 11), with all attachments thereto, and copies of both the order of service (docket number
7 12) and this order upon defendant **Correctional Officer Brenmoen** at **Pelican Bay State**
8 **Prison**. A courtesy copy of this order shall also be mailed to the Attorney General of California.

9     2. In order to expedite the resolution of this case, the court orders as follows:

10       a. No later than ninety days from the date this order is filed, defendants shall file
11 a motion for summary judgment or other dispositive motion. If defendants are of the opinion
12 that this case cannot be resolved by summary judgment, they shall so inform the court prior to
13 the date the summary judgment motion is due. All papers filed with the court shall be promptly
14 served on the plaintiff.

15       b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
16 court and served upon defendants no later than thirty days from the date of service of the
17 motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
18 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
19 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

20     If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
21 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
22 should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
23 which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
24 *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

25       c. Defendants **shall** file a reply brief no later than fifteen days after the date of
26 service of the opposition.

27       d. The motion shall be deemed submitted as of the date the reply brief is due.
28 No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

**IT IS SO ORDERED.**

Dated: April  12 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\DUNCAN5055.SRV2.wpd

**NOTICE -- WARNING**
**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**
**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.