United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10    DARRYL W. DUNCAN,                             No. C 11-5055 WHA (PR)

11              Plaintiff,                          **ORDER OF DISMISSAL**

12        v.

13    Correctional Officer BRENMOEN,
                                                    (Docket No. 27)
14              Defendant.

15                                        /

16        Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C.

17    1983 against "Officer Brenmen" at Pelican Bay State Prison ("PBSP").  Plaintiff was granted

18    leave to file an amended complaint.  The amended complaint was reviewed pursuant to 28

19    U.S.C. 1915A, and the United States Marshal was ordered to serve it upon defendant "Officer

20    Brenmen" at PBSP, where plaintiff indicated defendant was located.  The Marshal filed a

21    "Process Receipt and Return" form indicating that an attempt to serve "Officer Brenmen" at

22    PBSP was unsuccessful because nobody by that name was located there.

23        On March 29, 2012, plaintiff was directed to provide, within thirty days, defendant's

24    correct name and location to enable the Marshal to complete service, or to serve defendant

25    himself.  He was cautioned that his failure to do so would result in dismissal of this case

26    without prejudice because of passage of the 120-day deadline for service.  *See* Fed. R. Civ. P.

27    4(m).  Plaintiff then filed a motion to amend his complaint to correct the spelling of defendant's

28    name to"Brenmoen," and the Marshal was directed to attempt service of the defendant with the

**United States District Court**
For the Northern District of California

1  corrected spelling.  Once again the Marshal was unable serve "Officer Brenmoen" at PBSP

2  because there is nobody by that name located there.

3      On July 18, 2012, plaintiff was granted a final extension of time of twenty-eight days in

4  which to either himself effect service on Officer Brenmoen or submit to the court sufficient

5  information to locate Officer Brenmoen such that the Marshal is able to effect service upon him.

6  Plaintiff was cautioned that if he failed to do so, or to show cause why he cannot, within

7  **twenty-eight (28) days** of the date this order is filed, this case would be dismissed without

8  prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff has filed a

9  motion for a further extension of time, and for appointment of counsel and an investigator.  He

10  has been told that no further extensions of time would be given absent a showing of good cause,

11  and Plaintiff has not made a showing of good cause or diligence in attempting to locate

12  Brenmoen.  Furthermore, there is no right to counsel or to an investigator in a civil case.

13  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  While 28 U.S.C. 1915 confers on a

14  district court only the power to "request" that counsel represent a litigant who is proceeding in

15  forma pauperis, plaintiff has not shown good cause for doing so.  28 U.S.C. § 1915(e)(1).

16      As plaintiff has not served defendant, provided defendant's correct location, or shown

17  cause for his failure to do so, pursuant to Rule 4(m), Plaintiff's case is **DISMISSED** without

18  prejudice to refiling in a new case in which he either serves defendant himself or informs the

19  court of Brenmoen's correct location.

20      The clerk shall enter judgment, close the file, and terminate docket number 27.

21      **IT IS SO ORDERED.**

22  Dated: September ___4___, 2012.

23      WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE

24

25

26  G:\PRO-SE\WHA\CR.11\DUNCAN5055.4mDSM.wpd

27

28

2